NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 4 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DELANO O. NIELSEN, JR., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Defendant-Appellee. | No. 19-35857 <br><br> D.C. No. 6:17-cv-01495-JE <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
John Jelderks, Magistrate Judge, Presiding

Submitted September 30, 2021[**]

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Delano Nielsen appeals the district court's decision affirming the Commissioner of Social Security's denial in part of his application for supplemental security income under Title XVI of the Social Security Act. This court reviews the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's order sustaining the denial of benefits de novo. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). This court may set aside the administrative law judge ("ALJ")'s denial of benefits only if it is not supported by substantial evidence or is based on legal error. *Id.*

The ALJ provided specific, clear and convincing reasons for discounting Nielsen's testimony that he was totally disabled by back and neck pain. First, the ALJ reasonably concluded that the medical record did not support Nielsen's claimed limitations. Despite Nielsen's claims of significant back pain, the ALJ referenced an April 28, 2014, back examination by Nielsen's treating physician, Dr. Michelle Taube, showing only some decreased muscle strength, sensation, and reflexes. The ALJ reasonably concluded that the overall medical record did not support the severity of impairment alleged in Nielsen's testimony. *See Burch v. Barnhardt*, 400 F.3d 676, 679 (9th Cir. 2005) (holding that although a claimant may interpret the medical evidence differently, an ALJ's reasonable interpretation must be upheld). Second, the ALJ reasonably found that Nielsen's treatment was essentially conservative in nature where he took pain medication but never was prescribed additional pain control measures such as physical therapy or a pain specialist, and where Nielsen did not schedule a prescribed back surgery. This served as another basis for discounting Nielsen's testimony. *See Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007). Third, the ALJ reasonably found that Nielsen's daily activities

19-35857

were inconsistent with his claims that he was unable to perform work activity. The ALJ reasonably noted record evidence that Nielsen performed self-care, prepared simple meals, did household chores, went shopping, and exercised by taking daily walks and riding his bicycle. *See Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (holding that when weighing credibility, an ALJ may consider a claimant's daily activities).

The ALJ provided specific and legitimate reasons for giving little weight to the opinion of Nielsen's treating physician, Dr. Taube, that Nielsen was severely impaired. First, the ALJ reasonably concluded that the opinion was inconsistent with the objective medical record evidence. As the ALJ discussed when assessing Nielsen's credibility, despite his degenerative disc disease, Nielsen's range of motion was only mildly limited, he had only mildly decreased muscle strength, and he had not received medical treatment that would be expected for a totally disabled individual. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (holding that an inconsistency between a physician's opinion and the medical evidence is a specific and legitimate reason for rejecting the physician's opinion). Second, the ALJ reasonably found that Dr. Taube's opinion was inconsistent with Nielsen's reported activities. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039–40 (9th Cir. 2008) (holding that a specific and legitimate reason for

rejecting a physician's opinion may include inconsistency with a claimant's daily activities).

The ALJ provided a germane reason for discounting the lay witness testimony of Nielsen's niece, who submitted a written Function Report alleging that Nielsen had difficulty bending, walking, getting out of bed, and getting out of the house. The ALJ reasonably concluded that the report was inconsistent with the objective medical evidence. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (holding that a conflict with objective medical evidence is a germane reason to discount lay testimony).

**AFFIRMED.**